**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| JESSIE JAMES RICHMOND, | * | |
| Plaintiff, | * | |
| VS. | * | CASE NO. 4:02-CV-91-1 CDL<br>42 U.S.C. § 1983 |
| LINDA PIERCE, Clerk, and<br>JAMES KING, | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* prisoner, filed the above styled action pursuant to 42 U.S.C. § 1983. Plaintiff is currently imprisoned, serving a term of 115 months, pursuant to a federal conviction for possession of a firearm by a convicted felon in the Federal Correctional Institution in Marianna, Florida. In his Complaint, Plaintiff seeks monetary damages for violations of his constitutional rights. Specifically, he seeks compensatory and punitive damages for the Defendants' denial of his right of access to the courts and failure to file his legal documents.

On April 13, 2005, the Defendants filed a Motion for Summary Judgment. The Plaintiff responded to the motion on May 19, 2005.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment may only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237

(11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

## STATEMENT OF THE CASE

The record reveals that on March 5, 2001, a certified letter was received in the mailroom of the Columbus Consolidated Government. The letter was received by Defendant, James King. The letter was given to Nancy Moore, a deputy clerk in the Muscogee County Superior Court Clerk's Office. (Defendants' Exhibit A and B). Moore stated in her affidavit that she does not know what happened to that letter after giving it to the civil division of the clerk's office. (Defendants' Exhibit C, p. 1). Plaintiff alleges that after hearing nothing back on his original habeas petition, he sent a letter of inquiry and a second habeas petition to the Muscogee County Clerk's Office. (Plaintiff's Brief, p. 2). In a letter dated June 21, 2001, the Plaintiff contends that the Clerk's Office sent him a letter stating that his original habeas petition could not be located and that he could file his habeas corpus petition in Muscogee

County. *Id.* Plaintiff argues that "it is possible that a deputy clerk incorrectly returned the March 5/2001habeas petition to Plaintiff on the basis that venue was incorrect." *Id.* However, in his Original Complaint, Plaintiff alleged that he actually received a letter telling him he needed to file his petition in the county where he was incarcerated.

Plaintiff then alleges that two months later, in August of 2001, he had his attorney, John Nix, mail another habeas petition to the Clerk's Office. *Id.* Plaintiff alleges that after approximately one month, he requested his attorney to check on the status of the petition, wherein he states that Nix told him the petition did not exist. *Id.*

Approximately seven months later, on March 15, 2002, a certified letter was delivered to the United States District Court Clerk's Office in Columbus, Georgia, where it was redirected to the Muscogee County Clerk's Office. (Defendants' Brief, p. 3). That document was filed on April 4, 2002, as a state habeas petition and given a Superior Court case number.[1] The current action was filed in this court on June 26, 2002. On August 2, 2002, the Muscogee County Clerk's Office docketed a second habeas corpus petition filed by this Plaintiff.[2]

In his Brief in Opposition to Defendants' Motion for Summary Judgment, Plaintiff argues that there are genuine issues of material fact which remain as to his claim that he was intentionally denied access to the court by the Defendants where they failed to docket his habeas petitions.

---

[1]Case No. SU02-CV-1104

[2]Case No. SU02-CV-2440

## DISCUSSION

Plaintiff contends that the Defendants violated his constitutional right of access to the courts where he submitted properly filed and timely state habeas petitions to the Muscogee County Superior Court Clerk's Office but that they failed to docket the petitions. He claims that he is entitled to monetary damages for the violation of his rights.

### I. No Legal Injury

The United States Supreme Court has held that, "prisoners have a constitutional right of access to the courts." *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). To have standing to seek relief under this right, however, a plaintiff must show actual injury by "demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or ... impeded. *Lewis v. Casey,* 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

In reviewing the Plaintiff's state habeas application, case number SU02-CV-1104, the petition reveals that he is challenging every conviction he has had in the Muscogee County Superior Court, between 1987 and 1998. His second state habeas petition, case number SU02-CV-2440, challenges a Muscogee County State Court conviction in 1978. Both of Plaintiff's state habeas cases remain filed and pending conclusion.

Moreover, Plaintiff cannot show injury or prejudice in his federal habeas corpus rights under § 2254 as the result of any delay which may have occurred in his State habeas proceedings, because even had the Plaintiff's first attempt to file a state habeas petition in Muscogee County Superior Court in March of 2001 succeeded, he was already beyond the

Antiterrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitations provided for filing a federal application attacking his State convictions. The AEDPA codified at 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The records reveal that none of the convictions that are being challenged by the Plaintiff would have been within the one-year limitations period on March 1, 2001 as they were guilty pleas which were not appealed. Furthermore, Plaintiff was no longer incarcerated on any of the convictions he was challenging. Thus, Plaintiff cannot show, as a claim for denial of access to the courts requires, that a non-frivolous legal claim has been frustrated by the actions of the Defendants. Without the ability to prove legal injury, the Plaintiff is unable to meet his burden of showing that genuine issues of material fact remain, as there exists no valid claim under 42 U.S.C. § 1983. Thus, it is recommended that the Defendants are entitled to judgment as a matter of law.

## II. Qualified Immunity

In her Answer and Motion for Summary Judgment, Defendant Pierce claims that she is entitled to qualified immunity as to any action in her individual capacity as the Court Clerk. Qualified immunity protects government officials performing discretionary functions and from liability if their conduct violates no clearly established right of which a reasonable person would have known. V*inyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir.2002) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). Because the position of a Court Clerk is an elected office, Defendant Pierce is considered to be a government official for purposes of a qualified immunity defense.

The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this defense must be analyzed in the appropriate succession. *Suacier v. Katz*, 121 S.Ct. 2151, 2155 (2001). The first question is whether "[T]aken in the light most favorable to the party asserting the injury, do the facts show that the officer's conduct violated a constitutional right?" *Saucier* at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). On the facts of the case, should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 2156. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*

In the instant case, the Plaintiff claims that the Defendant intentionally denied him access to the courts in failing to file his habeas petitions. However, the Plaintiff has failed to prove any purposeful or reckless action by the Defendant herself which would substantiate his claims. As Defendant Pierce stated in her affidavit, two of the four petitions and numerous other pleadings Plaintiff claims he sent were filed in the Muscogee County Superior Court Clerk's Office. (Defendants' Exhibit D). In her affidavit, Defendant Pierce further stated that she does personally receive or file any submitted pleadings, but manages the employees who do, and that her office never received the second petition mailed by John Nix on August 8, 2001. *Id.*

This Court finds that the Plaintiff has failed to make a showing that Defendant Pierce violated any of his constitutional rights. Because the Plaintiff does not provide factual evidence that his right of access to the courts was violated, it is not necessary that the second prong of the qualified immunity test be analyzed. Therefore, it is recommended that Defendant Pierce is entitled to qualified immunity as to any alleged wrongdoing in this case.

**III. Summary Judgment Standard**

Withe regard to Defendant King, a mailroom employee at the Columbus Consolidated Government Center, to preclude summary judgment once the Defendants have provided evidence failing to show that any issues of fact remain, the Plaintiff must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine issues are those as to which the evidence is such that a reasonable jury could

find for the non-movant.

In the case at bar, the Plaintiff is unable to provide any scintilla of evidence to show that Defendant King lost either of Plaintiff's habeas petitions. As to the habeas petition sent by certified letter on March 5, 2001, the Mailroom Log shows that King signed for the letter and delivered it to Deputy Clerk Nancy Moore. (Defendants' Exhibit A). This evidence is corroborated by both King and Moore in their affidavits. (Defendants' Exhibits B and C). Plaintiff essentially admits that the clerk's office must have received the March 5, 2001, petition as he acknowledges that he received a letter from the clerk's office erroneously telling him that he must file his habeas petition in the county where he is incarcerated. (Plaintiff's Complaint). The letter from the Clerk's Office, although inaccurate, negates Plaintiff's claim that the petition was lost by Defendant King.

While Plaintiff contends that his attorney, John Nix, mailed the second petition for him, he fails to show that the petition was ever delivered to the Clerk's Office. In their Brief, the Defendants show that Plaintiff submitted a photocopy of the envelope which he contends he asked John Nix to mail for him, the address of which lacks a street address or a Post Office Box Number. Any assumption would be against delivery rather than in favor of delivery under those circumstances, and Attorney John Nix has furnished no Affidavit in this matter.

The standard for rebutting a motion for summary judgment, as noted previously, requires a Plaintiff to do more than allege factual wrongdoing by the Defendants. The law requires that he must provide factual evidence which goes beyond mere allegation to prevent

summary judgment. Plaintiff has presented no evidence to suggest that the Defendant lost or even received the second petition allegedly mailed by John Nix on his behalf. Therefore, Defendant King is entitled to summary judgment where the Plaintiff has failed to overcome the burden of showing that any genuine issue of material fact remains.

**CONCLUSION**

Having failed to show that he suffered any legal injury, failed to show that Defendant Pierce is not entitled to qualified immunity any failed to overcome his burden of proof with regard to prevent judgment in favor of the Defendants, it is recommended that Defendants' Motion for Summary Judgment be **GRANTED** as Plaintiff has failed to provide evidence to show that any material fact upon which relief may be granted still exists.

**ACCORDINGLY**, because it appears that Defendants are entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Motion for Summary Judgment filed on their behalf be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 26th day of May, in the year 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe